IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RODNEY JOHNSON,

          Plaintiff,

    vs.

CITY OF OMAHA NEBRASKA, RYAN
WIESEN, in his individual capacity;
BERNARD IN DEN BOSCH, in his
individual capacity; JEFFERY BLOOM,
in his individual capacity; KAREN
TAYLOR, in her individual capacity;
HANNA ADEPONU, in her individual
capacity; LAURA MARLANE, in her
individual capacity; and JANE DOES 1-
5,

          Defendants.

**8:26CV187**


**ORDER**

This matter is before the Court on pro se Plaintiff Rodney Johnson's Motion for Expedited Discovery and Preservation Order. Filing No. 23. For the reasons set forth herein, the motion is denied.

A party may not seek discovery prior to the Rule 26(f) conference or, in pro se cases, before the Court enters its final progression order. Fed. R. Civ. Proc. 26(d); NECivR 16.1(c). Accordingly, Plaintiff must show good cause to obtain a court order permitting expedited discovery. Empirical Foods, Inc. v. Primus Builders, Inc., No. 8:19CV457, 2020 WL 5064220, at *15 (D. Neb. Aug. 27, 2020) (quoting Fed. R. Civ. Proc. 26(d)) (collecting cases). "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery outweighs prejudice to the responding party." Id. at *16 (citing Progressive Cas. Ins. Co. v. F.D.I.C., 283 F.R.D. 556, 557 (N.D. Iowa 2012)). "Courts commonly consider the breadth and timing of the requests, their purpose,

and the burden on the responding party." Id. "Motions for expedited discovery are typically granted if the requests are narrowly tailored." Id. (collecting cases).

Plaintiff argues good cause exists to grant this motion because he seeks only "narrowly tailored preservation-related discovery" to ensure the preservation of electronically stored information that otherwise may be lost and to determine the identity of the Doe Defendants.

First, upon review, the undersigned does not believe the proposed discovery is narrowly tailored. For example, Plaintiff asks for discovery "Requiring Defendants to identify the custodians of responsive electronically stored information maintained from January 1, 2022 to present." This is only one of the proposed requests. Second, currently pending before the Court is a motion to dismiss in which Defendants request the Court dismiss Plaintiff's case in its entirety. One of the bases for this motion is lack of subject matter jurisdiction. Requiring Defendants to respond to any discovery, let alone the broad discovery requested by Plaintiff, while this motion is pending is prejudicial. *Straka v. Clement*, 2024 WL 2155029 at *1 (D.Neb. May 14, 2024) (finding the plaintiff did not find good cause for expedited discovery when a motion to dismiss raising jurisdictional arguments was pending). Third, a motion for expedited discovery is not the appropriate manner in which to remedy any future preservation issues that may occur throughout discovery, especially when Defendant has indicated a litigation hold is in place. Filing No. 31-1; *see McDonald Apiary, LLC v. Starrh Bees, Inc.*, 2015 WL 11108872 at *4 (D. Neb. Apr. 8, 2015); *see also* Fed. R. Civ. P. 37(e). Should a preservation issue arise, the Court can consider it once the motion to dismiss has been ruled upon and any necessary motion is appropriately before the Court.

Finally, upon review of the proposed discovery and complaint, the undersigned does not believe this is the type of narrowed discovery that would easily identify any Doe Defendants. In his complaint, Plaintiff identifies the Doe Defendants as "unknown individuals who participated in, authorized, directed,

ratified, or knowingly acquiesced in the conduct alleged herein." These vagaries, especially when considered in conjunction with the proposed discovery and pending motion to dismiss, does not amount to the type of situation in which the standard for expedited discovery is met.

Under these circumstances, Plaintiff did not show good cause to obtain discovery prior to the ruling on the pending motion to dismiss. For the reasons set forth herein, Plaintiff's motion for expedited discovery and preservation order, Filing No. 23, is denied.

Dated this 27th day of July, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge