**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **RODNEY JOHNSON,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF OMAHA, NEBRASKA, et al.,**<br>Defendants. | Case No. 8:26-cv-187-JFB-JMD<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND CORRECTIVE RELIEF UNDER FED. R. CIV. P. 11** |

Plaintiff Rodney Johnson respectfully submits this Reply in support of his Motion for Sanctions and Corrective Relief under Federal Rule of Civil Procedure 11. ECF Nos. 34–36.

Defendants' opposition narrows the dispute considerably. Plaintiff does not contend that Defendants are prohibited from arguing privity, claim preclusion, or the legal effect of BJ's Fleet Wash, LLC's settlement agreement. Plaintiff has consistently recognized that those are legal issues for the Court.

The Rule 11 issue is narrower. It concerns whether those legal theories may be expressed as materially different factual propositions concerning who was the prior plaintiff, who executed the release, whether the two actions literally involved the same parties, and whether Johnson individually possessed the procedural ability to supplement BJ's pleading after Johnson had been dismissed from the prior case.

## I. Defendants' Opposition Confirms That BJ's—Not Johnson—Executed the Prior Release

Defendants originally stated that "Johnson released these claims." Plaintiff challenged that formulation because Johnson did not execute the prior settlement as the releasor. BJ's Fleet Wash, LLC was the remaining plaintiff in Case No. 8:22-cv-131 and was the entity that entered into the settlement and release.

Defendants now explain that their statement rests on the legal contention that Johnson is "personally bound by the release" because he is allegedly in privity with BJ's. See ECF No. 37 at 4–5.

There is a material distinction between (1) BJ's executed the release, and (2) Defendants contend that Johnson is legally bound by BJ's release through privity. The second proposition may constitute a nonfrivolous legal argument. It does not convert the first proposition into the factual statement that Johnson himself released the claims.

Plaintiff does not seek sanctions merely because Defendants advance a privity theory. Plaintiff seeks an accurate record that distinguishes the identity of the actual releasor from Defendants' asserted legal theory concerning the effect of that release upon Johnson.

## II. "Same Parties" and "Same Parties or Those in Privity" Are Not the Same Proposition

Defendants also stated that "both Johnson I and the instant litigation involve the same parties, i.e. Johnson, the City and its individual employee defendants."

Defendants' present opposition materially qualifies that assertion. Their Background now describes their claim-preclusion theory as resting upon the proposition that the actions involve "the same parties or those in privity with them." See ECF No. 37 at 2.

Whether privity satisfies the identity-of-parties requirement for claim-preclusion purposes is a legal issue for the Court. But a legal conclusion that different persons may be treated as sufficiently related for purposes of preclusion does not establish the separate factual proposition that the two lawsuits literally contained the same parties.

The distinction matters because Johnson's individual claims were dismissed from the prior action, BJ's thereafter remained as the plaintiff, and the individual defendants named in the present action are not simply the identical individual defendants from the prior case.

### III. Defendants Do Not Resolve the Statement That Johnson Could Have Supplemented BJ's Pleading

The third challenged statement is that "Johnson could have sought leave to supplement these facts." Defendants identify this statement as one of the three formulations challenged by Plaintiff. See ECF No. 37 at 4.

Their substantive response, however, principally addresses release, privity, and party identity. It does not explain how Johnson individually, after his dismissal from the prior action, possessed the procedural ability to supplement BJ's operative pleading.

Federal Rule of Civil Procedure 15(d) authorizes the Court to permit "a party" to serve a supplemental pleading. After Johnson was dismissed from Case No. 8:22-cv-131, BJ's Fleet Wash remained the plaintiff. Thus, even assuming BJ's could have sought leave through counsel to supplement its pleading with later events, that proposition is materially different from saying that Johnson individually could have supplemented BJ's pleading.

Privity may have consequences for claim preclusion. It does not itself make a nonparty the procedural equivalent of the actual plaintiff for purposes of filing supplemental pleadings.

### IV. Plaintiff Did Address Claim Preclusion, Amendment Timing, and Release Scope in His Motion-to-Dismiss Opposition

Defendants argue that Plaintiff should have addressed these matters in his opposition to the Motion to Dismiss and emphasize that Plaintiff filed that opposition less than twenty-four hours after Defendants filed their motion. See ECF No. 37 at 5–6. That characterization is incomplete. Plaintiff's Opposition to the Motion to Dismiss contained an entire section titled "Claim Preclusion Does Not Bar Plaintiff's Claims." See ECF No. 22 at 35–38. Plaintiff expressly argued that claim preclusion applies only to claims arising from the same nucleus of operative facts; that later governmental acts not practically available for assertion in the prior litigation are not automatically barred; that the amendment deadline in Case No. 8:22-cv-131 expired on April 11, 2023; and that the governmental actions challenged here occurred after that deadline.

Plaintiff also separately addressed the scope of the settlement and release, arguing that the Mediated Settlement Memorandum released only claims "arising out of the dispute" and relying on Defendants' prior representation that future City conduct not arising from that dispute would fall outside the settlement.

Thus, Plaintiff did address the claim-preclusion, timing, later-accrual, practical-availability, and release-scope issues in his merits opposition. What he did not separately identify there were the narrower factual formulations later challenged through Rule 11: whether the two actions literally involved the same parties, whether Johnson himself executed the release, and whether Johnson individually possessed the procedural ability to supplement BJ's pleading after his dismissal.

## V. Plaintiff's Prompt Filing of His Opposition Does Not Determine the Accuracy of Defendants' Statements

Defendants emphasize that Plaintiff filed his opposition to the Motion to Dismiss less than twenty-four hours after Defendants filed their motion. That fact does not establish that Defendants' challenged statements were factually accurate or adequately qualified.

Plaintiff first addressed the broader preclusion and release issues in his merits opposition, then used Rule 11's safe-harbor procedure to identify narrower factual formulations that he contended blurred the distinction between Johnson and BJ's.

Defendants corrected one identified error—the characterization of Johnson's prior dismissal as "with prejudice." Plaintiff does not seek sanctions for that corrected statement.

## VI. Defendants' Reliance on Whitten Is Misplaced

Defendants rely on Whitten v. City of Omaha, 199 F. Supp. 3d 1224 (D. Neb. 2016), but Whitten involved a disputed factual inference that was supported by evidence: a police badge was found in Whitten's residence, providing a factual basis for counsel's characterization that it was "stolen or forged."

That is not what occurred here. Defendants' Opposition now explains that the challenged statements were legal characterizations based on privity and claim preclusion, rather than literal statements of historical fact. Specifically, Defendants now explain that BJ's executed the release but Johnson is allegedly bound through privity, and that "same parties" means the same parties or those in privity. See ECF No. 37 at 2, 4–5.

Thus, unlike Whitten, there is no disputed evidentiary inference requiring resolution. Defendants have now identified the challenged language as their legal theory, while the underlying procedural facts remain undisputed.

## VII. The Safe Harbor Could Have Resolved This Without Court Intervention

Rule 11(c)(2) provided Defendants twenty-one days to withdraw or appropriately correct the challenged statements before Plaintiff filed his motion. Defendants used that opportunity to correct the erroneous statement that Johnson's prior claims were dismissed "with prejudice," but expressly declined to correct the remaining statements.

Defendants now provide in their opposition the very qualifications that could have been supplied during the safe-harbor period. Had the statements simply been clarified to distinguish BJ's execution of the release from Defendants' privity theory, and actual party identity from legal identity through privity, this dispute could have been narrowed or avoided without requiring Court intervention.

## VIII. Corrective Relief Remains Appropriate Even If the Court Declines to Impose Punitive Sanctions

Plaintiff's motion requests sanctions and corrective relief. Plaintiff does not ask the Court to sanction Defendants merely for asserting privity, release, or claim preclusion. Those theories remain for the Court to decide.

Plaintiff respectfully requests that the Court preserve the following distinctions when considering the pending Motion to Dismiss: (1) BJ's Fleet Wash, LLC was the remaining plaintiff in the

prior federal action and the entity that executed the settlement and release; (2) Defendants contend that Johnson is nevertheless legally bound by BJ's release through privity; (3) the present and prior actions do not literally contain identical individual parties, although Defendants contend that privity satisfies the applicable claim-preclusion requirement; and (4) any contention that later events could have been supplemented in the prior action must distinguish between BJ's procedural ability as the remaining plaintiff and Johnson's individual status after his dismissal. If the Court concludes that Defendants' present opposition has sufficiently corrected or qualified the challenged formulations, Plaintiff respectfully leaves the appropriate Rule 11 remedy to the Court.

## CONCLUSION

Plaintiff does not seek sanctions because Defendants advocate privity, release, or claim preclusion. Those are legal questions for the Court.

Plaintiff seeks only to ensure that those legal theories are not substituted for materially different factual propositions concerning the identities and procedural roles of Johnson and BJ's. Contrary to Defendants' suggestion, Plaintiff previously addressed the core merits questions of claim preclusion, later-accruing governmental conduct, amendment timing, practical availability, and the limited scope of the prior release in his Opposition to the Motion to Dismiss.

Defendants' present opposition now expressly supplies much of the qualification Plaintiff requested. Plaintiff therefore respectfully requests that the Court grant such corrective relief as it deems appropriate and preserve the distinction between the underlying historical facts and the legal consequences Defendants seek to derive from those facts.

Respectfully submitted,

**Rodney Johnson, Pro Se**
6716 Northridge Dr.
Omaha, NE 68112
402-210-3053
rod_4015@yahoo.com